IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER,<br><br>Plaintiff,<br><br>vs.<br><br>BEATRICE SUN TIMES and<br>LINCOLN JOURNAL STAR,<br><br>Defendants. | 8:21CV114<br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, a state prisoner, filed his pro se Complaint (Filing 1) on March 17, 2021, and has been granted leave to proceed in forma pauperis ("IFP"). The court will now conduct an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. LEGAL STANDARDS ON INITIAL REVIEW

The Prison Litigation Reform Act ("PLRA") requires the court to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On such initial review, the court must "dismiss the complaint, or any portion of the complaint," it determines "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Comparable language is contained in 28 U.S.C. § 1915(e)(2)(B) (applicable to IFP plaintiffs).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough

factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff invokes the court's "federal question" jurisdiction and alleges that the Beatrice Sun Times and Lincoln Journal Star newspapers violated his rights under the United States Constitution and the United States Code by publishing articles about criminal charges that were filed against him, and by using his name and photograph without compensation.

## III. DISCUSSION

Liberally construing Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private

2

conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citations omitted).

The defendants in this case are not state actors, nor are they alleged to have been acting in concert with state actors. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838 n. 6 (1982) ("The Court has concluded that the acts of a private party are fairly attributable to the state on certain occasions when the private party acted in concert with state actors."). Consequently, no civil rights action can be maintained under 42 U.S.C § 1983. *See Pavon v. Norfolk Daily News*, No. 407CV3077, 2007 WL 1651239, at *1 (D. Neb. June 4, 2007) (dismissing § 1983 action as frivolous where plaintiff prisoner claimed material printed in defendant newspaper violated his constitutional rights); *see also Bruce v. Price*, No. 418CV00223RGECFB, 2018 WL 10075605, at *14 (S.D. Iowa Sept. 21, 2018) ("Plaintiffs do not allege any interaction whatsoever between the Des Moines Register and any governmental official. Consequently, they have not alleged any entanglement between the newspaper or any state actor sufficient to establish an action under color of state law."), *aff'd sub nom. Bruce v. Polk Cty. Attorney's Off.*, 772 F. App'x 409 (8th Cir. 2019); *Fields v. Sharum*, No. 2:11-CV-2108, 2011 WL 5219726, at *3 (W.D. Ark. Oct. 11, 2011) ("The Times Record Newspaper is a private actor and not a 'state actor' amenable to suit under § 1983."), *report and recommendation adopted*, No. 11-2108, 2011 WL 5289605 (W.D. Ark. Nov. 2, 2011).

## IV. CONCLUSION

Plaintiff's Complaint lacks an arguable basis in law, and therefore will be dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A as frivolous. Such dismissal will count as one "strike" under the "3-strikes" provision of the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

IT IS THEREFORE ORDERED:

1. This action is dismissed without prejudice, as frivolous.

2. Judgment shall be entered by separate document.

Dated this 19th day of May, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge